THE STATE OF OHIO, APPELLANT, *v.* POWELL, APPELLEE.
THE STATE OF OHIO, APPELLANT, *v.* SEXTON, APPELLEE.

[Cite as State *v.* Powell (1991), 59 Ohio St. 3d 62.]

(Nos. 90-691 and 90-692—Submitted February 13, 1991—Decided April 24, 1991.)

*John F. Holcomb,* prosecuting attorney, *Daniel G. Eichel* and *John J. McCracken,* for appellant.

*John T. Willard,* for appellee Powell.

H. BROWN, J. The primary issue presented is whether a defendant may be given an additional three-year term of actual incarceration pursuant to R.C. 2929.71, the so-called gun specification statute, for possession of a firearm during the commission of a felony where the firearm is acquired by theft during the course of the felony. For the reasons which follow, we con-

clude that the additional term may be imposed and reverse the judgments of the court of appeals.

## I
### Duration of an Aggravated Burglary

The majority in the court below concluded that the additional term of actual incarceration could not be applied to these defendants because they did not possess the firearm when they first entered the Slough residence. The court resolved the issue on the theory that a burglary is complete once a defendant gains entry into the dwelling.

We disagree. An "aggravated burglary" is defined in R.C. 2911.11, which states in pertinent part:

"(A)  No person, by force, stealth, or deception, shall *trespass* in an occupied structure * * * with purpose to commit therein any theft offense * * * or any felony, when any of the following apply:

"* * *

"(3)  The occupied structure involved is the permanent or temporary habitation of any person * * *." (Emphasis added.)

A "criminal trespass" is defined by R.C. 2911.21, which states in pertinent part:

"(A)  No person, without privilege to do so, shall * * *:

"(1)  Knowingly *enter or remain* on the land or premises of another; * * *" (Emphasis added.)

The express language of the applicable statutes is dispositive. The crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized because the trespass of the defendant has not been completed. Thus, when appellees acquired the firearms by theft, they were still engaged in the commission of the aggravated burglary.

## II
### Scope of the R.C. 2929.71 Gun Specification

Appellee Powell further argues that the imposition of an additional three-year term of incarceration is improper because the firearm was not "used actively in the commission of the felony." We disagree.

R.C. 2929.71(A)(2) provides that the three-year term shall be imposed where "[t]he offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control *while committing* the felony." (Emphasis added.) The statute does not require that the firearm be *used* in the commission of the felony, or that the defendant acquire the firearm before beginning the crime; all that is necessary is that the defendant have the firearm on his person or under his control at some point during the commission of the crime.

By enacting R.C. 2929.71, the General Assembly sought to deter and punish both the use and possession of firearms by people who commit crimes. The public policy behind this enactment is apparent: a criminal with a gun is both more dangerous and harder to apprehend than one without a gun. Further, it is obvious that a gun stolen during a burglary can be as dangerous as one which the burglar has at the start of the crime. Accordingly, we hold that a three-year additional term of actual incarceration may be imposed pursuant to R.C. 2929.71 if the defendant has a firearm in his or her possession at any time during the commission of a felony, even if, as in the instant case, the firearm is acquired by theft during the course of the felony.

## III
### Additional Issues Raised by Powell

Appellee Powell, though he did not cross-appeal, raises two additional issues. In his second proposition of law, he challenges the imposition of an additional three-year term on the ground that he did not actually possess either firearm; and that the firearm was presumably in the possession of an accomplice. We reject this proposition on authority of the syllabus of *State* v. *Chapman* (1986), 21 Ohio St. 3d 41, 21 OBR 327, 487 N.E. 2d 566. The appellee may be charged under R.C. 2929.71 on the basis of the possession of a firearm by any accomplice involved in the burglary.

In his third proposition of law, Powell contends that the state did not prove that the firearm was operable. By his plea of no contest, Powell admitted the truth of the facts alleged in the indictment, see Crim. R. 11(B)(2), one of which was that the firearm involved was a "firearm" as defined in R.C. 2923.11(B), *i.e.*, it was operable.

## IV

### Conclusion

For the reasons given, we reverse the judgments of the court of appeals and reinstate the additional three-year term of actual incarceration imposed by the trial court in each case pursuant to R.C. 2929.71.

*Judgments reversed.*

MOYER, C.J., DOUGLAS, WRIGHT and RESNICK, JJ., concur.

SWEENEY and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I seldom find myself in dissent against the position of the state in the interpretation of the criminal law, but in this case I believe the interpretation of R.C. 2929.71 as given here by the majority goes beyond the original legislative intent of such section.

The basic intent of R.C. 2929.71 is the prevention of felonies committed while a person is armed with a firearm.[1] The section is applicable whether the felony is committed while the defendant is actually using the firearm, or merely has the firearm in his possession in order to facilitate or aid in the commission of the felony.

It is my position that the stealing of a firearm, as one of the items taken during the commission of an aggravated burglary, and the bare possession of such as one of the stolen items, do not constitute possession for purposes of applying the firearm specification of R.C. 2929.71 and its three-year enhancement of sentence. If, however, the facts would show that the stolen firearm had been used to further the burglary, then the firearm

---

[1] In tracing the roots of R.C. 2929.71, as it presently exists, it is interesting to note that the Legislative Service Commission's Bill Analyses have consistently referred to the "use" of the firearm in the commission of the underlying felony. Specifically, the Legislative Service Commission Bill Analysis on Am. S.B. No. 210 (115th General Assembly), as Reported by House Judiciary & Criminal Justice, states:

"The effect of the change may not be radical since a three-year term of actual incarceration for carrying a firearm could

still be imposed on the five offenses that have elements involving the *use* of firearms * * *." (Emphasis added.) *Id.* at 6. See, also, Legislative Service Commission Bill Analyses on Am. S.B. No. 210, As Reported by Senate Judiciary, and As Passed by the Senate.

I would interpret "use" to mean that either the defendant actually used the firearm in the commission of a felony, or he or she had possession of the firearm in order to facilitate the commission of the felony.

specification could be applied. Such were not the facts shown here.

The General Assembly has provided for the law that should be applied, in cases similar to the one at bar, where a theft of a firearm occurs. R.C. 2913.02(B) provides for an enhanced penalty and degree of felony for a theft of a firearm. This section refers to R.C. 2913.71(C), which provides for certain aggravating circumstances, such as theft of a firearm, where the offense will become a felony of the fourth degree regardless of the value of the property taken.[2]

It appears to me that the correct interpretation of these criminal statutes would be to apply R.C. 2913.02(B), the specific statute providing for the enhanced penalty for a theft of a firearm, which would support the facts here, rather than the general statute, R.C. 2929.71(A), which provides for an enhancement for having a firearm in one's possession when such firearm is not utilized in the underlying felony, but merely a product of such felony through theft.

SWEENEY, J., concurs in the foregoing dissenting opinion.

---

[2] R.C. 2913.71 provides in pertinent part:

"Regardless of the value of the property involved, and regardless of whether the offender has previously been convicted of a theft offense, a violation of section 2913.02 or 2913.51 of the Revised Code is a felony of the fourth degree if the property involved is any of the following:

"* * *

"(C) A firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code."