OPINION
Defendant-appellant, Kenneth Ashby Bowens, Jr., appeals his conviction in the Clermont County Court of Common Pleas for aggravated burglary in violation of R.C. 2911.11(A)(1) and for robbery in violation of R.C. 2911.02(A)(2).
Appellant was indicted on September 24, 1997 on one count of aggravated burglary, one count of robbery, one count of carrying a concealed weapon, and two counts of receiving stolen property. The receiving stolen property counts were eventually dismissed prior to trial. The charges stemmed from an incident that occurred on September 18, 1997, wherein appellant allegedly forced entry into the residence of Rosa Miller in Newtonville, Ohio. A bill of particulars, filed on October 7, 1997, states that:
 Mrs. Miller came home as the defendant was in the home and the defendant pushed her down. Afterwards the defendant was stopped on Newtonville Road and the vehicle and plates were found to be stolen. The Defendant also had a rifle and ammunition in the vehicle, ready at hand. A crow bar was recovered from the vehicle that was used in forcing the rear door of Mrs. Miller's residence.
The case was tried to a jury on November 17 and 18, 1997. The jury returned a verdict of guilty on the aggravated burglary and robbery charges and not guilty on the charge of carrying a concealed weapon. By judgment entry filed December 18, 1997, the trial court merged the robbery conviction into the aggravated burglary conviction and sentenced appellant to nine years in prison. This timely appeal followed.
In his sole assignment of error, appellant argues that his convictions for aggravated burglary and robbery were against the manifest weight of the evidence. Specifically, appellant contends that the evidence presented at trial was insufficient to establish beyond a reasonable doubt that appellant inflicted or attempted to inflict physical harm on Miller. Appellant also contends that the "aggravating" element of the offense of aggravated burglary, the infliction of physical harm on Miller, was committed, if at all, after the burglary had ended.
Before we begin our discussion of appellant's assignment of error, we must note that in his reply brief, appellant asserts that his assignment of error "really should have been separated into two distinct assignments of error for [this] Court to review," that is: (1) that the evidence presented at trial was insufficient to support the jury's verdict, and (2) that the jury's verdict was against the manifest weight of the evidence. The reply brief then discusses each of appellant's "new" assignments of error.
We find that appellant's "new" assignments of error are improperly raised by way of reply brief. App.R. 16(C) provides in relevant part that "[t]he appellant may file a brief in reply to the brief of the appellee, * * *. No further briefs may be filed except with leave of court." "The reply brief is, then, merely an opportunity to reply to the brief of the appellee. New assignments of error (i.e., those contained in a `further brief') may not be raised except with leave of court." Shepphard v. Mack (1980), 68 Ohio App.2d 95, 97, fn. 1. See, also, State v. Murnahan (1996), 117 Ohio App.3d 71. Appellant's "new" assignments of error are not appropriately before the court and will therefore not be considered.
We now turn to appellant's claim that his convictions were against the weight of the evidence because the state failed to show beyond a reasonable doubt that appellant inflicted or attempted to inflict physical harm on Miller. It is appellant's contention that his conduct did not meet the requisite "threat, attempt, or infliction of physical harm" under either R.C.2911.11(A)(1) or 2911.02(A)(2).
In order for a court of appeals to reverse a trial court's judgment on the basis that a verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact-finder's resolution of any conflicting testimony. State v. Thompkins (1977), 78 Ohio St.3d 380. The standard for reversal for manifest weight of evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHaas (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
This court's standard of review of a claim of insufficient evidence is set forth in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781
* * * followed).
R.C. 2911.11 governs aggravated burglary and states in relevant part that "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure * * * with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another[.]" R.C. 2911.11(A)(1). R.C. 2911.02 in turn governs robbery and states in relevant part that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" R.C. 2911.01(A)(2).
R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." The foregoing definition clearly mandates that any injury may constitute physical harm and that the gravity or duration of the injury is not a factor for consideration. State v. Goble (1983), 5 Ohio App.3d 197, 199.
At trial, Miller testified that on September 18, 1997, she left for work around 8:30 a.m. but came back about two hours later to pick up gym clothing she had forgotten. Miller discovered appellant in her home as she was standing on the bottom step of the last flight of stairs going to the third floor. Appellant was then on the third floor starting to come down the stairs.
Miller testified that "as [appellant] came running down the steps, he pushed me, tried to push me over the railing. I injured my foot and he pushed, and he ran around to the left of me, and on down the stairs." Miller also testified that "as [appellant] was trying to push [her] over the railing, he said he was sorry, he needed a little money." Miller testified that she did not realize her foot was hurt until later because her "adrenaline was pumping too much." Miller stated that the injury to her foot caused her pain for about a week.
On recross-examination, Miller testified that her foot was injured on the railing when appellant "came directly at [her] and pushed [her] with his body, because his arms were full, towards the railing." Miller testified that when appellant pushed her, her foot "must have hit into the railing or something." Miller reiterated that she did not realize then that her foot was hurt because she was so upset. Kevin Petrochelli, a police officer with the Miami Township Police Department and the first officer on the scene, testified that Miller had a red mark around her foot area.
Based upon the foregoing and in light of the clear definition of physical harm set forth in R.C. 2901.01(A)(3), we find that there was sufficient evidence presented at trial to allow the jury to determine that physical harm was done by appellant to Miller. Because R.C. 2901.01(A)(3) clearly mandates that any injury may constitute physical harm, we find that the red mark on Miller's foot incurred after appellant pushed her is sufficient to constitute the physical harm element under R.C. 2911.02(A)(1) and 2911.11(A)(1). We therefore find that appellant's conviction for aggravated burglary and robbery was supported by sufficient evidence.
Appellant also contends that the "aggravating" element of the offense of aggravated burglary, the infliction of physical harm, was committed after the burglary had ended inasmuch as when appellant "happened to brush against Mrs. Miller's body, * * * in all practicality, he had already completed the burglary and was on his way out of her house." Appellant cites State v. Clark (1995), 107 Ohio App.3d 141, in support of his contention.
We find that Clark is factually distinguishable from the case at bar. In Clark, the defendant was convicted of aggravated burglary after he injured his girlfriend in the back yard of the house he had forced his way into. The Second Appellate District reversed the conviction, concluding that the defendant had completed his crime of burglary when he exited the house. Id. at 147. The court therefore found that "[the defendant's] infliction of physical harm outside the house [could] not constitute the aggravating factor supporting an aggravated burglary conviction." Id.
In State v. Powell (1991), 59 Ohio St.3d 62, the Supreme Court of Ohio determined that "[t]he crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized because the trespass of the defendant has not been completed." Id. at 63. Thus, while appellant "was on his way out, of [Miller's] house" when he pushed her with his body, he was nevertheless still engaged in the commission of aggravated burglary as his trespass of Miller's house had not been completed.
We therefore find that appellant's conduct inside the house constituted aggravated burglary. We further find that appellant's conviction for aggravated burglary and robbery was not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.