[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 527.]

THE STATE OF OHIO, APPELLEE, *v.* FONTES, APPELLANT.

[Cite as *State v. Fontes*, 2000-Ohio-472.]

*Criminal law—Aggravated burglary—R.C. 2911.11—A defendant may form the*
*purpose to commit a criminal offense at any point during the course of a*
*trespass.*

For purposes of defining the offense of aggravated burglary pursuant to R.C.
2911.11, a defendant may form the purpose to commit a criminal offense at
any point during the course of a trespass.

(No. 99-23—Submitted October 12, 1999—Decided January 19, 2000.)

CERTIFIED by the Court of Appeals for Union County, No. 14-97-45.

_____

{¶ 1} In the early morning hours of October 27, 1996, appellant, Antonio
Miguel Fontes, drove to the apartment of DeLee Hess, n.k.a. Wampler ("Hess").
Appellant and Hess had met approximately a week earlier at a drinking
establishment in Union County, Ohio. Appellant parked his vehicle, walked up the
steps to Hess's apartment, and knocked on her apartment door. Appellant
discovered that the door to Hess's apartment was unlocked and the evidence at trial
indicated that appellant entered the apartment uninvited.

{¶ 2} Testimony at trial revealed that during the previous evening Hess had
taken some pain medication and went to bed early. Hess testified that the next thing
she remembered was waking up and finding "somebody in bed with me."
According to Hess, that "somebody" was appellant whom, when she awoke, was
between her legs, lying on her right leg, and was performing nonconsensual oral
sex on her. Hess managed to push appellant off her body and ordered appellant to
leave her apartment. Appellant dressed and left without further incident.

**{¶ 3}** Appellant's version of the events in question is markedly different. According to appellant, he went to Hess's apartment in order to purchase a bag of marijuana. Appellant testified that after he entered Hess's apartment, he "went upstairs, woke [Hess] up * * * [and] we had [a] dialogue." Appellant further testified that "one thing kind of led to another," that he performed oral sex on Hess, and that the sex was consensual. Appellant said that he informed Hess that he did not want a relationship with her and at that point Hess became upset and angry, causing appellant to leave her apartment.

**{¶ 4}** Appellant was indicted for two counts of rape in violation of R.C. 2907.02(A)(1) or (A)(2).[1] Appellant was also indicted for aggravated burglary in violation of R.C. 2911.11(A)(1). Following a jury trial, guilty verdicts were returned on the aggravated burglary charge and on one count of rape,[2] and appellant was sentenced accordingly.

**{¶ 5}** Appellant appealed his convictions and sentence to the Union County Court of Appeals. On appeal, appellant raised a number of assignments of error. In his fifth assignment of error, appellant contended that the trial court erred in instructing the jury on the "purpose" element of aggravated burglary in R.C. 2911.11(A). Specifically, appellant challenged the trial court's instruction that, in

---

1. R.C. 2907.02 provides:

"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

" * * *

"(c) The other person's ability to resist or consent is substantially impaired because of a * * * physical condition * * *, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a * * * physical condition * * *.

"(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

2. Appellant was charged with two counts of rape. The first count charged appellant with cunnilingus and the second charged appellant with fellatio. Appellant was found not guilty on the latter count.

2

order to be convicted of aggravated burglary, appellant need not possess the purpose to commit a criminal offense prior to trespassing into an occupied structure but could form the purpose to commit a criminal offense while the trespass is in progress. The court of appeals rejected appellant's argument and held that "if during the course of [a] trespass a defendant forms the purpose to commit a felony offense, the crime of aggravated burglary is committed at that time." The court of appeals affirmed the judgment of the trial court in all other respects.

{¶ 6} Thereafter, appellant filed a motion to certify a conflict pursuant to Section 3(B)(4), Article IV of the Ohio Constitution. Appellant contended that the court of appeals' determination on the purpose element of R.C. 2911.11(A) was in conflict with the decisions of three other appellate districts. The court of appeals agreed and entered an order certifying that its decision was in conflict with judgments of the Eighth District Court of Appeals in *State v. Waszily* (1995), 105 Ohio App.3d 510, 664 N.E.2d 600; the Fourth District Court of Appeals in *State v. Lewis* (1992), 78 Ohio App.3d 518, 605 N.E.2d 451; and the Tenth District Court of Appeals in *State v. Flowers* (1984), 16 Ohio App.3d 313, 16 OBR 344, 475 N.E.2d 790.

{¶ 7} This cause is now before this court upon our determination that a conflict exists.

_____

*R. Larry Schneider*, Union County Prosecuting Attorney, and *John C. Heinkel*, Assistant Prosecuting Attorney, for appellee.

*Scott Bratton*, for appellant.

_____

**DOUGLAS, J.**

{¶ 8} The question certified by the court of appeals is whether "[p]ursuant to R.C. 2911.11(A), must the purpose to commit a criminal offense be formed at or before the time of trespass in an occupied structure or may it evolve during the course of the trespass?"

{¶ 9} Appellant was charged and convicted of a violation of R.C. 2911.11(A)(1), which defines one of two ways that an offender can commit the offense of aggravated burglary. R.C. 2911.11 provides:

"(A) No person by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, *with purpose to commit in the structure * * * any criminal offense*, if any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another." (Emphasis added.)

{¶ 10} Appellant argues that the purpose element of R.C. 2911.11(A) clearly requires that the intent to commit a criminal offense in the occupied structure be formed at or before the time of trespass. We disagree.

{¶ 11} In affirming appellant's conviction, the Union County Court of Appeals relied on this court's decision in *State v. Powell* (1991), 59 Ohio St.3d 62, 571 N.E.2d 125. In *Powell,* we held at paragraph one of the syllabus that "[t]he crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized. (R.C. 2911.11 and 2911.21, construed.)" In so holding, we reasoned that "[t]he crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized because the trespass of the defendant has not been completed." *Id.* at 63, 571 N.E.2d at 127.

{¶ 12} In analogizing *Powell* to the matter herein, the court of appeals held that "a person who by force, stealth, or deception, trespasses in an occupied

structure, is continuing a criminal trespass * * * so long as he is there without permission. * * * Thus, if during the course of this trespass a defendant forms the purpose to commit a felony offense, the crime of aggravated burglary is committed at that time. Because the 'purpose to commit * * * any criminal offense' element of R.C. 2911.11(A)(1) may be formed while the trespass is in progress, we find no error in the trial court's jury instruction to this effect."

{¶ 13} Having carefully reviewed this matter and contrary to appellant's assertions, we find that the Union County Court of Appeals reached the proper resolution of this issue. Furthermore, we agree with the rationale espoused by the court of appeals wherein it found our decision in *State v. Powell* instructive.

{¶ 14} Accordingly, we hold that for purposes of defining the offense of aggravated burglary pursuant to R.C. 2911.11, a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass. Given the foregoing, it therefore follows that we are not persuaded by the judgments of the courts of appeals in *Waszily, Lewis,* and *Flowers, supra*. Thus, we respectfully reject those holdings in favor of the rule of law pronounced herein.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————