JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal by Jerry Muszynec from a judgment of conviction entered by Judge Ann T. Mannen following a bench trial where she found him guilty of burglary[1] and assault.[2] He claims he did not have the requisite intent to commit an offense until after he had trespassed upon the home in question and, therefore, the evidence was insufficient to convict him of burglary. The State counters that the offense of burglary can be committed even where the intent to commit an offense does not arise until after a defendant has made an unlawful entry. We affirm.
 {¶ 2} On the evening of January 22, 2002, then thirty-six year old Muszynec was at the home of George Marmo in Parma Heights, where the two had been drinking since the previous day. Muszynec's wife, Nancy, called a towing service to take her to Marmo's house and retrieve the couple's car. Unable to locate the car when she arrived, she went to Marmo's door and requested to speak to her husband. The intoxicated Muszynec at first hid but, upon seeing the tow truck driver, he rushed outside and accused him of having an affair with his wife. Muszynec, shirtless and shoeless, punched the driver and, apparently, chased the man who attempted to call the police on his cell phone. When the police arrived Muszynec tried to elude them, eventually entering an enclosed breezeway that connected a house and garage on Ridgewood Drive in Parma Heights. While in the breezeway, Muszynec attempted to aid his concealment by unscrewing a light bulb. He was, however, discovered and arrested, and indicted on counts of robbery and burglary. The robbery count alleged that he had forcefully taken the tow truck driver's cell phone, and the burglary count alleged that he had entered the breezeway with "the purpose to commit therein any criminal offense."
 {¶ 3} The judge found Muszynec not guilty of robbery, but guilty of the lesser included offense of assault. She found him guilty of burglary, stating that there was sufficient evidence that he had entered the breezeway using "force, stealth, or deception," as required by the statute. He was sentenced to a six-month jail term for the assault, concurrent with a three-year prison term for the burglary, followed by a three-year term of post-release control.[3]
 {¶ 4} Muszynec challenges his conviction for burglary both on the sufficiency and the manifest weight of the evidence in his two assignments of error attached as Appendix A.
 {¶ 5} In order to commit burglary, a defendant must: (1) by force, stealth, or deception; (2) trespass; (3) in an occupied structure or a separately secured portion thereof; (4) with purpose to commit any criminal offense therein.[4] The issues here are whether there is sufficient evidence to show that Muszynec had an intent to commit a criminal offense at the time he entered the breezeway and, if not, whether the statute allows a conviction for burglary even when the intent to commit a criminal offense does not arise until after an unlawful entry.
 {¶ 6} A forcible entry into someone's home ordinarily gives rise to a reasonable inference that the trespasser has the intent to commit an offense inside, but the conclusion is not warranted if the circumstances give rise to a different inference.[5] The State does not challenge Muszynec's assertion that the evidence does not show he had any intent to commit an offense at the time he entered the breezeway, because his purpose at the time was to elude the police. The State instead argues, as it did at trial, that Muszynec became a burglar when he decided to aid his concealment by unscrewing the light bulb, that act constituting criminal mischief.[6] Therefore, we are satisfied that the evidence of burglary is insufficient unless the intent to commit a criminal offense may arise after the act initially constituting the trespass.
 {¶ 7} In State v. Powell,[7] the Ohio Supreme Court ruled that a defendant could be convicted of a firearm specification attached to a burglary offense even though the firearm was obtained during the course of the burglary. The court reasoned that the trespass and burglary offenses were continuing at the time the firearm was obtained, and thus the elements of the specification were satisfied if the offense continued after the firearm was obtained. Although the statutes at issue in Powell
allowed the specification to be found if the firearm was possessed "while committing" the offense,[8] the Ohio Supreme Court relied on that case in State v. Fontes,[9] and found that the intent to commit a criminal offense need not be formed at the time of the initial trespass.[10]
 {¶ 8} The evidence showed that Muszynec committed a trespass and tampered with the light bulbs after entering. Although he also claims that his voluntary intoxication prevented him from forming the requisite mental state to commit a burglary, his acts show that he was not so intoxicated that he was unable to appreciate his actions. Muszynec assaulted the tow truck driver, attempted to escape from police, hid in the breezeway, and attempted to aid his escape by unscrewing the light bulbs. One can conclude from this conduct that he was capable of purposeful action despite his intoxication. Therefore, the evidence was both sufficient to sustain his conviction and supported by the weight of the evidence. We overrule both assignments of error.
Judgment affirmed.
APPENDIX A: APPELLANT'S ASSIGNMENTS OF ERROR
 {¶ 9} "I. The trial court erred in denying appellant's motion for acquittal as to the charge of burglary when the state failed to present sufficient evidence of the elements of the offense."
 {¶ 10} "II. The appellant's burglary conviction is against the manifest weight of the evidence."
ANN DYKE, J., and ANTHONY O. CALABRESE JR., J., concur.
[1] R.C. 2911.12.
[2] R.C. 2903.13.
[3] The burglary was a second degree felony because the home was occupied at the time Muszynec entered the breezeway. R.C. 2911.12(A)(2), (C).
[4] R.C. 2911.12.
[5] State v. Flowers (1984), 16 Ohio App.3d 313, 315, 16 OBR 344,475 N.E.2d 790.
[6] R.C. 2909.07.
[7] (1991), 59 Ohio St.3d 62, 63, 571 N.E.2d 125.
[8] R.C. 2929.141; former R.C. 2929.71(A)(2).
[9] 87 Ohio St.3d 527, 2000-Ohio-472, 721 N.E.2d 1037.
[10] Id. at 530.