OPINION
{¶ 1} Defendant-appellant, Jeffrey Meyers, appeals the decision of the Warren County Common Pleas Court denying a motion to suppress evidence. We affirm the decision of the trial court.
 {¶ 2} On August 14, 2002, shortly before midnight, officers responded to a burglary alarm at the Waynesville Pharmacy. The officers found evidence of a forced entry. They called the canine unit from the City of Franklin Police Department to help search for suspects. The officers found no one in the pharmacy, but did retrieve a surveillance tape containing the image of a possible suspect.
 {¶ 3} The officers proceeded to the Creekwood Motel, which was located on the same property as the pharmacy, but across the parking lot. One officer noted a pry bar on the ground between the motel and pharmacy. The officers also noticed a box on a car parked at the motel containing items that were dry, even though it had been raining heavily that evening.
 {¶ 4} The officers next decided to contact the motel patrons in furtherance of their investigation into the forced entry of the pharmacy. The officers arrived at the room occupied by appellant and another person, Mary Burnett. Appellant opened the door approximately one to two minutes after the officers knocked. The officers noted that appellant resembled the image of the possible suspect on the surveillance tape and that he appeared nervous.
 {¶ 5} The officers began questioning appellant outside the room. Two officers questioned Burnett inside the room. While inside the room, one of the officers noticed drug paraphernalia near the nightstand The officer retrieved the item. Appellant was then asked if the officers could conduct a search of the room. Appellant refused permission and was detained.
 {¶ 6} After determining that the vehicles in front of the motel room were registered to appellant and Burnett, the officers brought the canines over to "sniff" the vehicles. The canines indicated that controlled substance odors were present in both vehicles. The officers searched Burnett's vehicle. They opened the door of appellant's vehicle to search, but shut it upon smelling a strong chemical odor permeating from inside the vehicle.
 {¶ 7} Appellant was interviewed at approximately 5:30 a.m. on August 15, 2002. The interviewing officer read appellant theMiranda warnings from a card he kept with him. Appellant stated that he understood his rights and proceeded to make several incriminating statements. The interview ended at approximately 6:20 a.m.
 {¶ 8} Search warrants for the motel room and vehicles were obtained at approximately 6:10 a.m. and executed shortly thereafter. At approximately 8:15 a.m., the same interviewing officer asked appellant if he could ask a few more questions. He asked if appellant understood the Miranda warnings that were given to him earlier. Appellant said he did, and subsequently made more incriminating statements.
 {¶ 9} Through the search, officers found drugs, drug paraphernalia, and a gun. Appellant was charged with illegal assembly or possession of chemicals, aggravated possession of drugs with a gun specification and having weapons under disability. He filed a motion to suppress the evidence seized from his motel room and vehicle. The trial court overruled his motion.
 {¶ 10} Appellant pled no contest to all charges. The trial court found him guilty of all charges. Appellant appeals the decision of the trial court, raising three assignments of error.
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "The trial court's denial of defendant/appellant's motion to suppress evidence obtained through the search of his room and vehicle should be reversed as a result of an illegal search in violation of defendant/appellant's fourth and fourteenth amendment rights."
 {¶ 13} Appellant asserts that the affidavit for the search warrant was insufficient, as there was no showing that the officers were given permission to originally enter the motel room. He also maintains that the canine "sniff" would not have occurred if the officers had not seen the drug paraphernalia in his room. He therefore maintains that the issuing judge did not have sufficient probable cause to issue a search warrant for appellant's motel room and vehicle.
 {¶ 14} The Ohio Constitution states:
 {¶ 15} "The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by an oath or affirmation, particularly describing the place to be searched and the person and things to be seized." Section 14, Article I, Ohio Constitution.
 {¶ 16} Crim.R. 41(C), which governs the issuance of search warrants, provides in pertinent part, "[a] warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. * * * If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for the information furnished."
 {¶ 17} When determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the task of the issuing judge or magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. State v. George
(1989), 45 Ohio St.3d 325, paragraph one of the syllabus,Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, followed.
 {¶ 18} In reviewing the affidavit in support of a search warrant for sufficiency and probable cause, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate or judge by conducting a de novo review as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Id. at paragraph two of the syllabus.
 {¶ 19} A reviewing court's duty is simply to ensure that the magistrate or judge had a substantial basis for concluding that probable cause existed. Id. Moreover, in conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, reviewing courts should give great deference to the magistrate or judge's determination of probable cause, and doubtful or marginal cases should be resolved in favor of upholding the warrant. Id.
 {¶ 20} Appellant argues that he did not give the officers permission to enter the motel room. Therefore, he maintains that the officers were illegally in his room and that evidence of the drug paraphernalia item they initially observed in plain view and then retrieved should be suppressed. He asserts that the evidence found during the later search of the room, pursuant to the search warrant, should also be suppressed as fruit from the poisonous tree.
 {¶ 21} We find appellant's argument without merit. The trial court found that appellant "gave them [officers] permission to enter the room" in order to speak with Burnett. It is logical that the officers would ask to speak with both appellant and Burnett in furtherance of their investigation of the pharmacy breaking and entering. Burnett was inside the room, while appellant was outside the room. Both appellant and the officers agree that only after entering the room and seeing the drug paraphernalia did the officers ask to search the room. At that point, appellant denied their request.
 {¶ 22} The affidavit in support of the search warrant states that the officers asked permission to enter. Although the affidavit does not state that permission was granted, one of the investigating officers testified that he did not hear appellant or Burnett state that they could not enter the room. We agree with the trial court's finding through reasonable inferences that appellant gave permission to the officers to enter the room in order to speak with Burnett. We cannot second-guess a trial court's decision to believe testimony in the record. State v.Kaser (Nov. 3, 1989), Montgomery App. No. 11373, citing toState v. Walker (1978), 55 Ohio St.2d 208, 213. Accordingly, the evidence found in plain view in the room was properly admissible.
 {¶ 23} Appellant further argues that the search warrant was "obtained through illegally obtained evidence" and that it is insufficient on its face. He asserts that the canine "sniff" was illegal because it was conducted after the officers' "illegal" first entrance to the motel room. He also argues that the affiant's claim that appellant matched the description of the person in the surveillance tape was "exaggerated." Finally, he reasserts that the affidavit did not show that the officers had acquired consent when they entered the room.
 {¶ 24} The affidavit stated that the canines indicated that appellant and Burnett's vehicles had an odor of drugs permeating from them. The canines were lawfully at the scene pursuant to the officer's investigation of the breaking and entering of the pharmacy that was located on the same lot. Therefore, the officers were allowed to permit the canines to "sniff" the vehicles for drug odors. State v. Underwood (Feb. 9, 2004), Butler App. No. CA2003-03-057. The subsequent search of the vehicles because of the canines' indication of the presence of drug odors was also permissible. Id.
 {¶ 25} Further, the affidavit stated that "Officers immediately noticed that Meyers [appellant] matched the description of the white male suspect observed on the pharmacy surveillance tape." Appellant's assertion that the affiant "exaggerated" this statement is without merit. One of the officers testified at the suppression hearing that "the video tape was fuzzy" but appellant bore a likeness to the image on the videotape of the possible suspect. In fact, the officer testified that he did match the description. Accordingly, appellant's assertion is without merit.
 {¶ 26} Finally, appellant maintains that the affidavit did not show that the officers had acquired consent when they entered the room to question Burnett. However, there was sufficient evidence for the issuing judge to determine that the officers asked permission before entering the room to question Burnett, and that only upon the granting of the permission, did they enter. Moreover, doubtful or marginal cases should be resolved in upholding the warrant. George, 45 Ohio St.3d at paragraph two of the syllabus.
 {¶ 27} Viewing the totality of the circumstances, we believe the information in the affidavit for the search warrant properly provided a reasonable basis for probable cause that evidence of methamphetamine and other illegal controlled substances and drug paraphernalia were present in appellant's motel room.
 {¶ 28} Also, the officers were able to rely in good faith on the validity of the search warrant. "The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." George, 45 Ohio St.3d at paragraph three of the syllabus, United States v. Leon (1984),468 U.S. 897, 104 S.Ct. 3405, followed.
 {¶ 29} However, suppression remains the appropriate remedy where: (1) the judge or magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the magistrate or judge wholly abandoned his judicial role; (3) an officer purports to rely upon a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) depending upon the circumstances of the particular case, a warrant may be so facially deficient, i.e., in failing to particularize the place or things to be searched or seized, that the executing officers cannot reasonably presume it to be valid. Id. at 331.
 {¶ 30} In the present case, there is no indication that the affiant for the search warrant acted with falsity or reckless disregard of the truth. We cannot say that the judge abandoned his judicial role or that it was wrong for the officers to rely upon the warrant. The warrant was not deficient as to describing the room or vehicles to be searched or the items to be seized. Appellant's first assignment of error is overruled.
 {¶ 31} Assignment of Error No. 2:
 {¶ 32} "The trial court's denial of defendant/appellant's motion to suppress evidence of statements should be reversed as a result of illegal detention in violation of defendant/appellant's fourth and fourteenth amendment rights."
 {¶ 33} Appellant maintains that the search of his vehicle and motel room was unlawful. Therefore, he asserts that his subsequent detention and interview with an officer were also unlawful. Accordingly, he argues that the statements he made to the officer during his detention should have been suppressed. Appellant's argument is without merit.
 {¶ 34} We have previously found that the initial entry of the officers into appellant's motel was lawful. The officers saw an item of drug paraphernalia in plain view while they were lawfully in the room. The officers properly seized the item in plain view as their initial intrusion into the room was lawful, the discovery of the item was inadvertent, and the incriminating nature of the item[1] was immediately apparent to the officers. See State v. Williams (1978), 55 Ohio St.2d 82, 85. Appellant was handcuffed. Later that evening, he was Mirandized
prior to being interviewed. See Miranda v. Arizona (1966),384 U.S. 436, 86 S.Ct. 1602. During the interview he made incriminating statements. Therefore, the trial court did not err in not suppressing the incriminating statements made by appellant. Appellant's second assignment of error is overruled.
 {¶ 35} Assignment of Error No. 3:
 {¶ 36} "The court erred when it found defendant/appellant guilty of the firearm specification and should be reversed."
 {¶ 37} Appellant maintains that the State did not prove that the gun found in the motel room was operable and therefore he cannot be found guilty of the gun specification. Appellant's assertion is without merit.
 {¶ 38} Appellant pled no contest to the charges. With a plea of no contest, appellant admitted the truth of the facts alleged in the indictment. Crim.R. 11(B)(2); State v. Powell (1991),59 Ohio St.3d 62, 64. Appellant's indictment states in part:
 {¶ 39} "[T]he offender had a firearm as defined in Section2923.11 of the Ohio Revised Code, on or about his person or under his control while committing the offense of Aggravated Possession of Drugs, contrary to and in violation of Section 2941.141(A)."
 {¶ 40} R.C. 2941.141(B) provides that, "as used in this section, `firearm' has the meaning as in section 2923.11 of the Revised Code." Therefore, a "firearm" is "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable." R.C. 2923.11(B)(1). By pleading no contest, appellant admitted that the gun found in his motel room was operable. Powell, 59 Ohio St.3d at 64;State v. Wells (Feb. 16, 1999), Warren App. No. CA98-05-057. As such, appellant's third assignment of error is overruled.
 {¶ 41} The judgment is affirmed.
Judgment affirmed.
Young, P.J., and Walsh, J., concur.
[1] The item of drug paraphernalia found by the officers was a "bong," which is used by drug users to ingest drugs by inhaling the smoke emitted from the burning drug.