[Cite as *State v. Kleinhans*, 2015-Ohio-5007.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 14 NO 425 |
| V. | ) | |
| | ) | OPINION |
| CHRISTOPHER A. KLEINHANS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Court of Common
Pleas of Noble County, Ohio
Case No. 214-2046

JUDGMENT:                       Reversed and Remanded


APPEARANCES:
For Plaintiff-Appellee          No brief filed.

For Defendant-Appellant         Attorney Jacob T. Will
116 Cleveland Ave. NW, Suite 808
Canton, Ohio 44702


JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb


Dated: November 23, 2015

DONOFRIO, P.J.

{¶1} Defendant-appellant Christopher Kleinhans appeals the decision of the Noble County Court of Common Pleas denying his motion to dismiss a firearm specification.

{¶2} Accompanied by co-defendant John Buckey and wearing a holstered .45 caliber handgun on his hip, Kleinhans took his 7-year-old son along with them to burglarize a home located in Caldwell, Ohio on June 24, 2014. The homeowners, who were in their late sixties, were not present in the house at the time. Kleinhans's son entered the home through an open window at the back of the home and unlocked a door to allow Kleinhans and Buckey inside. They then took a fire pit from the house.

{¶3} Meanwhile, while they were in the house, a neighbor noticed them, approached the house, and ordered them out. Kleinhans's son exited first, followed by Kleinhans and Buckey. Kleinhans then threatened to shoot the neighbor.

{¶4} A Noble County grand jury indicted Kleinhans on five counts on July 16, 2014. Count one was for second-degree-felony burglary with a firearm specification. R.C. 2911.12(A)(2)(D); R.C. 2941.145. Count two was for fifth-degree felony theft from an elderly person (as the homeowners were over 65 years of age) with a firearm specification. R.C. 2913.02(A)(2)(B)(3); R.C. 2941.145. Count three was for first-degree felony robbery with a firearm specification. R.C. 2911.02(A)(1)(C); R.C. 2941.145. Count four was for first-degree misdemeanor endangering children. R.C. 2919.22(A)(E)(2)(a). Count five was for first-degree misdemeanor contributing to the delinquency of a minor. R.C. 2919.24(A)(2)(B).

{¶5} Kleinhans retained counsel and pleaded not guilty to all counts. The case proceeded to discovery and other pretrial matters.

{¶6} On September 16, 2014, Kleinhans filed a motion to dismiss the gun specifications in the indictment. Referring to the plain language of the three-year firearm specification statute found at R.C. 2941.145, he stated that, in order to be found guilty under that provision, a defendant must have had a firearm while committing the offense *and* displayed, brandished, indicated they had a firearm, or

used the firearm to facilitate the offense. Kleinhans pointed out that he had already exited the residence of the alleged burglary when he purportedly threatened to shoot the neighbor. Thus, he argued that there was insufficient evidence to prove the firearm specification because the firearm had been displayed, brandished, used, or possessed by him after the trespass to the residence had terminated.

{¶7} That same day, the trial court conducted a change-of-plea hearing. Kleinhans entered pleas of no contest to counts one (burglary with a firearm specification), two (theft from an elderly person), and four (endangering children). The State acknowledged that the sentences for the firearms specifications would be served concurrently and, in exchange, agreed to move to dismiss counts three (aggravated robbery with a firearm specification) and five (contributing to the delinquency of a minor).

{¶8} Following the pleas, the court heard arguments from counsel for Kleinhans and the State concerning Kleinhans's motion to dismiss the gun specifications. Kleinhans's counsel again argued that the trespass had terminated after Kleinhans came out of the home and posited that the more appropriate firearm specification was the one-year firearm speciation found in R.C. 2941.141. Although the trial court did not seem to expressly make a ruling on the motion at that time, the court nevertheless proceeded to find Kleinhans guilty of the counts to which he pleaded no contest. In the change-of-plea journal entry filed by the court on September 19, 2014, the court specifically noted that Kleinhans was reserving his right to appeal the three-year gun specifications.

{¶9} The trial court conducted a sentencing hearing on October 15, 2014. However, before getting to sentencing, counsel for Kleinhans raised the issue of what he perceived to be as the pending motion to dismiss the gun specifications at which time the court formally denied the motion. The State presented an agreed and recommended sentence of two years for the burglary conviction, a consecutive three years for the attendant firearm specification, a concurrent term of eleven months for the theft count, and court costs for the endangering children count. The court

sentenced Kleinhans accordingly for an aggregate sentence of five years in prison. This appeal followed.

{¶10} Initially, it should be noted that the State has failed to file an appellate brief in this matter. Therefore, in determining the appeal, this court may accept Kleinhans's statement of the facts and issues as correct and reverse the judgment if his appellate brief reasonably appears to sustain such action. App.R. 18(C).

{¶11} Kleinhans asserts one assignment of error:

> The trial court erred in denying Appellant's motion to dismiss the Gun Specification in the indictment.

{¶12} Kleinhans presents the same argument as he did below, contending that a one-year specification is the appropriate sanction because the display of a firearm occurred after the burglary. Kleinhans insists that the threat towards the neighbor occurred after he had exited the residence onto the front yard. In other words, he argues that there was insufficient evidence to prove the firearm specification because the firearm had been displayed, brandished, used, or possessed by him after the trespass to the residence had terminated.

{¶13} This case concerns the applicability between two types of firearm specifications found in the Ohio Revised Code – one requiring a one-year term of imprisonment and the other requiring a three-year term of imprisonment. R.C. 2941.141(A) sets forth a one-year term of imprisonment for an offender who had a firearm on or about their person or under their control while committing the offense. R.C. 2941.145(A) delineates a three-year prison term for an offender who both (1) had a firearm on or about their person or under their control while committing the offense and (2) displayed the firearm, brandished the firearm, indicated that they possessed the firearm, or used it to facilitate the offense. Thus, the applicability of the three-year specification over the one-year specification hinges on the additional factor of whether the offender displayed the firearm, brandished the firearm, indicated that they possessed the firearm, or used it to facilitate the offense.

{¶14} In this case, the parties stipulated to the fact that Kleinhans wore a holstered .45 caliber handgun on his hip during the commission of the burglary. Thus, there is no dispute that the one-year firearm specification applies since Kleinhans had a firearm on or about his person or under his control while committing the offense. Whether the three-year firearm specification applies in this instance requires us to examine whether Kleinhans displayed the firearm, brandished the firearm, indicated that they possessed the firearm, or used it to facilitate the offense. Under the facts and circumstances of this case, that determination hinges on a question of timing.

{¶15} The burglary offense Kleinhans was convicted of states as follows:

> (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]

R.C. 2911.12(A)(2).

{¶16} Concerning the timing of when a burglary has ended, the Ohio Supreme Court's decision in *State v. Powell*, 59 Ohio St.3d 62, 571 N.E.2d 125 (1991), is instructive. In that decision, the Court held that "[t]he crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized." *Id.* at paragraph one of the syllabus. Thus, by implication, courts have found that the burglary offense has terminated once the offender has exited the structure. For example, the Second District has found that the infliction of physical harm, an element which makes a burglary an aggravated burglary, committed in the back yard of the burglarized, occupied structure does not support an aggravated burglary conviction because the trespass had terminated. *State v. Clark*, 107 Ohio App.3d 141, 147, 667 N.E.2d 1262 (2d Dist.1995).

{¶17} Here, the stipulated facts clearly reflect that Kleinhans had exited the structure (i.e., the victim's house) before he threatened the neighbor that he would shoot her. (September 16, 2014 Change of Plea Hearing Tr. 11-12.) The stipulated facts also reflect that the defendants had already taken a fire pit from the house before Kleinhans made this threat. Nothing in the remainder of the record contradicts the notion that the burglary offense had terminated before Kleinhans threatened to shoot the neighbor. In other words, there is nothing in the record to suggest Kleinhans re-entered the home following the threat.

{¶18} In sum, the record supports application of the one-year firearm specification statute as the parties stipulated to the fact that Kleinhans wore a holstered .45 caliber handgun on his hip during the commission of the burglary. However, there is nothing in the record to support the trial court's application of the three-year firearm specification statute. Since the burglary offense had terminated before Kleinhans threatened to shoot the neighbor, there is no indication that he displayed the firearm, brandished the firearm, indicated that they possessed the firearm, or used it to facilitate the burglary offense during the commission of that offense.

{¶19} Accordingly, Kleinhans's sole assignment of error has merit.

{¶20} The judgment of the trial court overruling Kleinhans's motion to dismiss the three-year firearm specification is reversed and this matter is remanded for application of the one-year firearm specification and concomitant resentencing.

Waite, J., concurs.

Robb, J., concurs.