IN RE FUDGE.

(No. 1114—Decided September 6, 1977.)

Mr. *James A. Berry*, prosecuting attorney, and *Mr. James N. Griffin*, for appellee.

Mr. *Richard J. O'Neill*, for appellant.

McBRIDE, J. Appellant was found to be delinquent in the Juvenile Court by reason of a theft of a bag of candy in a retail food store. For error he asserts that there was a failure to prove (1) the lack of consent by the owner or

custodian of the stolen property and (2) the age of the accused.

## I.

The evidence, as stipulated, indicates that appellant picked up a bag of M & M candy and walked behind a display counter. Later, when he was confronted he removed the bag of candy out of one of his socks.

While there is a question whether this taking was by deception or without consent under the subsections of R. C. 2913.02, appellant relies upon the absence of direct testimony that appellant removed the candy without consent. Accepting the latter as the element of the offense for which he was found delinquent, while the better practice is to offer testimony of lack of consent, there are in the record circumstances of stealth and deception in hiding the candy sufficient to conclude that the possession was obtained without the consent of the persons authorized to give consent. The narrative stipulation as to the testimony is so brief that factual issues must be resolved in accordance with the finding. Lack of consent need not be shown by direct evidence. Since this was a retail chain food outlet the circumstances that all items were for sale are a factor contributing to the conclusion that the taking by concealment was without consent.

There is no merit to this assignment.

## II

The other assignment of error is that the state failed to present any evidence to show that the defendant was under 18 years of age and, thus, within the jurisdiction of the Juvenile Court.

The stipulation as to the trial and the docket entries indicates that this question was first raised in objections to the report of the referee. The objections were denied. There is no indication that this question was raised at or before trial.

In discussing this question, the defendant is not charged with being a child. Minority is not a crime and not a cause for delinquency. The offense is one of theft and in this respect the elements to be proven are the

same as for an adult. Age may be a jurisdictional factor but it is an issue that must be raised; otherwise it is waived.

The assignment does not question the jurisdiction of the Juvenile Court over juveniles but rather jurisdiction over the person of the accused. There is no claim that appellant was not a juvenile. The claim is that the state failed to establish in the testimony at trial the age of the accused.

The complaint in the Juvenile Court stated that a certain child, Leonard Fudge, age 13, born November 4, 1962, appears to be a delinquent in that he obtained a one pound bag of M & M Peanut Candy valued at $1.45. The language follows that of an indictment and states that the defendant has a prior conviction. John Fudge was alleged to be the custodian of the child.

The summons identifies the appellant as 13 years of age and born November 4, 1962. It notifies the person having physical control of the child to bring him to the hearing.

The appellant, accompanied by counsel, appeared and was present at trial although he did not testify.

The rules provide that any defense or objection may be raised by motion before the hearing and that objections to defects in the institution or in the complaint, other than *jurisdiction in the court* or *to the charge,* must be raised before the hearing. Juvenile Rule 22(D); Criminal Rule 12. Failure to make a motion required to be made before trial is a waiver of such objection.

*State* v. *Mendenhall* (1969), 21 Ohio App. 2d 135, was decided before these rules were adopted and must be distinguished.

The objection raised after trial and submission was not to jurisdiction *in the court* but to jurisdiction over the person of the accused. Jurisdiction of the person rather than the subject matter may be waived.

Jurisdiction of the subject matter may be raised at any time; however, in this case there is no suggestion of a lack of jurisdiction of subject matter nor that the appellant

may be over age eighteen. It is our opinion that jurisdiction over the person is presumed in the absence of an objection. When an objection to jurisdiction is made, the question must be conclusively resolved by a determinative finding by the trial court. A failure to object in an obvious situation such as this where a 13 year old child appears on a charge of stealing candy and thereafter resorting to a failure of proof of an issue only of jurisdiction over the person is sand bagging on a technicality and not on one of the issues essential to prove the offense. Besides, the child who appeared with counsel was seen and observed by the court. With youths of tender age this may constitute sufficient evidence that the subject is a juvenile. The trial court found that the subject was a child within the provisions of the Juvenile Court Code.

The presentence report indicates a prior history of an unruly complaint on November 6, 1970, assault September 12, 1974, dismissed, and theft July 9, 1975, for which he was placed on probation. While this is of no effect on the instant question, the familiarity with the subject's history may explain the absence of the age factor in the narrative stipulation of the evidence and it may also explain the failure to make a timely objection at or before trial. This assignment is overruled.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.