OPINION
{¶ 1} Defendant-appellant, C.W., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child for committing aggravated burglary.[1] We affirm the juvenile court's decision.
 {¶ 2} Appellant, a fifteen-year-old juvenile, was charged in the juvenile court in 2004 with violating R.C. 2911.11, aggravate burglary, and R.C. 4301.69, underage alcohol consumption. The complaint alleged that on September 12, 2004, appellant entered the attached garage of a West Chester, Ohio residence in an attempt to remove a case of beer, and that after being confronted by the homeowner, Dawn Foiles, he assaulted her and fled the scene. The complaint also alleged appellant consumed an alcoholic beverage while under the age of 21.
 {¶ 3} At an adjudicatory hearing in December 2004, Dawn Foiles testified that on the evening of September 12, 2004, she and her husband went for a walk. Their house has an attached garage. They left the garage door open during their walk. As she was walking back to the house, ahead of her husband, Foiles noticed "two kids walk[ing] in between two houses" across the street from her house. At the time, Foiles was at the driveway of the house next door. By the time she walked ten more feet, the children had disappeared. Foiles thought this was strange because "[w]here could they have gone that quick?" When she arrived at the end of her driveway, she saw one child, Daniel, standing outside of her garage, facing the street. As she was walking up her driveway, she then saw appellant in her garage with a 12-pack of beer under his arm. At the time, appellant was looking around at the shelves in the garage.
 {¶ 4} Foiles asked appellant what he was looking for. Appellant did not reply. Foiles then told him to put the beer down. Appellant refused. At that point, Foiles was between appellant and the open garage door. Appellant was standing between Foiles' parked van and a garage wall. The police were called. By then, Foiles was blocking appellant's exit with one hand on the garage and one hand on the van. Appellant pushed Foiles out of the way and into the van and fled the scene.
 {¶ 5} At that point, Foiles and her husband confronted Daniel, who was still standing next to the garage, casually smoking a cigarette. Within a few minutes, Daniel took off running. Foiles ran after him. Daniel was apprehended by a neighbor by a golf course. It was then that Foiles' husband and a neighbor noticed a red mark on Foiles' cheek. Foiles testified that because the incident in the garage happened so fast, "when [appellant] shoved me, like, my cheek right there had gotten hit some how. It was so quick I don't even know." Appellant was apprehended later that evening. Foiles testified that the two children she had earlier noticed walking between houses were appellant and Daniel.
 {¶ 6} At the close of the state's case, appellant moved for dismissal on the grounds that (1) the state had failed to prove the elements of aggravated burglary, especially stealth, and (2) the court lacked jurisdiction because the state had failed to present evidence of appellant's age. The motion was denied. The juvenile court found appellant to be a delinquent child for the commission of aggravated burglary. Appellant was sentenced to serve 20 days in the Butler County Juvenile Detention Facility, given a suspended commitment of 12 months to the Department of Youth Services, and placed on official probation. Appellant appeals his adjudication, assigning two errors.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred to the prejudice of the Defendant-Appellant in denying his motion to dismiss where the court lacked jurisdiction over the proceedings."
 {¶ 9} Relying on State v. Mendenhall (1969),21 Ohio App.2d 135, and this court's decision in In re Autherson (Jan. 13, 1982), Clermont App. No. 1000, appellant argues that the juvenile court lacked jurisdiction over him because the state failed to present evidence of his age at the adjudicatory hearing. Both cases held that when the state fails to present any evidence or testimony regarding a juvenile's age, other than in the complaint, the juvenile court does not have jurisdiction over the juvenile.
 {¶ 10} As an initial matter, we note that Mendenhall was decided before the Ohio Juvenile Rules were adopted on July 1, 1972, and can be distinguished on that basis. We therefore decline to follow Mendenhall. Likewise, we decline to followAutherson. Although it was decided after the adoption of the juvenile rules, the decision fails to mention and apply the rules and instead relies solely on Mendenhall, a pre-juvenile rules decision. See, also, In re McCrosky (Sept. 18, 1989), Stark App. No. CA-7820 (finding that the juvenile court did not have jurisdiction because the state failed to present any evidence of the juvenile's age).
 {¶ 11} A court has jurisdiction to rule on a controversy between parties if it has obtained personal jurisdiction over the parties and possesses subject matter jurisdiction over the parties' claims. In re Burton S. (1999), 136 Ohio App.3d 386,391. The subject matter jurisdiction of a court is the court's power to hear and decide a case on its merits. Id. A court's subject matter jurisdiction is invoked by the filing of a complaint. Id. The defense of lack of subject matter jurisdiction can never be waived. Time Warner AxS v. Pub. Util. Comm.,75 Ohio St.3d 229, 233, 1996-Ohio-224. Thus, objections based on lack of subject matter jurisdiction may be raised at any stage of the proceedings. In re Byard, 74 Ohio St.3d 294, 296,1996-Ohio-163.
 {¶ 12} By contrast, personal jurisdiction can be waived. Civ.R. 12(H). A court obtains personal jurisdiction over a defendant by service of process, or by the defendant's voluntary appearance or actions. Maryhew v. Yova (1984),11 Ohio St.3d 154, 156. The defense of lack of personal jurisdiction is waived if it is not raised in a responsive pleading or in a motion filed prior to the answer. Civ.R. 12(B) and (H).
 {¶ 13} A juvenile court has exclusive original subject matter jurisdiction over any child alleged to be delinquent for having committed, when younger than 18 years of age, an act which would be a crime if committed by an adult. R.C. 2151.23(A)(1), 2151.0-11(B)(5), and 2152.02(F)(1). Since the complaint in this case alleged appellant to be a delinquent child, the juvenile court clearly had subject matter jurisdiction. Burton S.,136 Ohio App.3d at 391.
 {¶ 14} Appellant does not, however, argue that he was in fact, or may have been, over the age of 18. He is, therefore, not challenging the court's subject matter jurisdiction. Rather, appellant argues that the court did not have personal
jurisdiction because the state failed to present evidence at the adjudicatory hearing of his age.
 {¶ 15} Juv.R. 22(D) provides that defenses or objections based on defects in (1) the institution of the proceedings, or (2) in the complaint, "other than failure to show jurisdiction in the court" or to the charge, "must be heard before the adjudicatory hearing." Failure to make a motion required to be made before trial is a waiver of such objection. In re Fudge
(1977), 59 Ohio App.2d 129, 131. As a result, an objection raised after trial and submission, based on a failure of the testimony to establish the age of the accused juvenile, relates to jurisdiction over the person and not to jurisdiction in the court, and is waived under Juv.R. 22(D)(2) by going forward with the trial. Id.
 {¶ 16} In light of the foregoing, we find that since appellant failed to challenge the juvenile court's personal jurisdiction either before or at the beginning of the adjudicatory hearing, he waived any defense based upon personal jurisdiction. See id., Burton S., and In re Atwell (Jan. 17, 1980), Cuyahoga App. No. 40719. The juvenile court therefore did not err by denying the motion to dismiss for lack of personal jurisdiction. Appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "The trial court erred to the prejudice of [Defendant-Appellant] in making an adjudication of delinquency where the evidence was insufficient as a matter of law to sustain the adjudication."
 {¶ 19} Appellant argues that the state failed to present sufficient evidence to support his adjudication of delinquency based on the charge of aggravated burglary.[2]
Specifically, apellant contends that the state failed to prove beyond a reasonable doubt that appellant (1) entered the garage by stealth, (2) with the purpose to commit a criminal offense, and (3) inflicted physical harm on Foiles.
 {¶ 20} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v.Smith, 80 Ohio St.3d 89, 113, 1997-Ohio-355. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 21} Under R.C. 2911.11(A)(1), "No person, by force, stealth, or deception, shall trespass in an occupied structure * * *, when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another[.]"
 {¶ 22} Appellant first argues that although he was specifically charged with trespassing by stealth, the state failed to prove he entered Foiles' garage by stealth.
 {¶ 23} Stealth, although undefined in the Revised Code, has been defined as "any secret, sly or clandestine act to avoid discovery, and to gain entrance into or to remain within a residence of another without permission." State v. Ward (1993),85 Ohio App.3d 537, 540, quoting State v. Lane (1976),50 Ohio App.2d 41.
 {¶ 24} Upon viewing the evidence presented at trial in a light most favorable to the state, we find it supports a finding that appellant entered the garage by stealth. Admittedly, this is a close case. As appellant points out, the trespass occurred during the day (and not under the cover of darkness at night), and there was no testimony as to how he entered the garage.
 {¶ 25} However, circumstantial evidence shows that appellant had not been invited into the garage by Mr. and Mrs. Foiles and that he entered the garage without permission. Appellant was first noticed by Foiles when he was observed walking between houses with Daniel before quickly disappearing. Such behavior triggered Foiles' suspicion. When Foiles got to her garage a minute later, appellant was already inside while Daniel was standing outside facing the street. While there was no direct evidence that Daniel acted as a lookout, this inference could have been reasonably drawn from his behavior.
 {¶ 26} We therefore find that the state presented sufficient circumstantial evidence to prove that appellant entered the garage by stealth. See State v. Cayson (May 14, 1998), Cuyahoga App. No. 72712. But, see, State v. Pullen (June 25, 1992), Greene App. No. 91 CA 33.
 {¶ 27} Appellant next argues that the state failed to prove that appellant entered the garage with the purpose to commit a criminal offense. Citing State v. Lewis (1992),78 Ohio App.3d 518, appellant contends that the intent to commit an offense must exist at the time of the trespass. Since there was no evidence as to why appellant entered the garage, there was insufficient evidence to show that he entered the garage to commit a theft offense. We disagree.
 {¶ 28} The holding in Lewis was specifically rejected by the Ohio Supreme Court in State v. Fontes, 87 Ohio St.3d 527,2000-Ohio-472. In Fontes, the supreme court was asked to decide whether, under R.C. 2911.11(A), the purpose to commit a criminal offense must be formed at or before the time of trespass or may evolve during the course of the trespass. The supreme court held that "for purposes of defining the offense of aggravated burglary pursuant to R.C. 2911.11, a defendant may form the purpose to commit a criminal offense at any point during the course of the trespass." Id. at 530.
 {¶ 29} The evidence presented at trial shows that when Foiles confronted appellant in the garage, he was holding a 12-pack of beer belonging to Foiles under his arm and was looking around at the shelves in the garage. When Foiles asked appellant to put the beer down, he refused by saying "no." It was only when he was told by Foiles that the police were going to be called that he dropped the beer and ran. Viewing this evidence in a light most favorable to the state, we find that the state presented sufficient evidence to prove that appellant entered the garage to commit a theft offense.
 {¶ 30} Finally, appellant argues that the state failed to prove that he inflicted physical harm on Foiles.
 {¶ 31} R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." As we stated in State v.Bowens (Aug. 3, 1998), Clermont App. No. CA98-01-009, this definition clearly mandates that any injury may constitute physical harm and that the gravity or duration of the injury is not a factor for consideration. Id. at 6.
 {¶ 32} The evidence presented at trial shows that not long after appellant pushed her out of the way and into the van, Foiles had a red mark on her cheek. Foiles testified she did not realize she had a red mark until a neighbor noticed it after Daniel was apprehended. Foiles explained that when appellant "shoved" her, "my cheek right there had gotten hit some how. It was so quick I don't even know."
 {¶ 33} Viewing this evidence in a light most favorable to the state, and in light of the clear definition of physical harm set forth in R.C. 2901.01(A)(3), we find that the red mark on Foiles' cheek incurred after appellant pushed her is sufficient to constitute the physical harm element under R.C. 2911.11(A)(1).
 {¶ 34} We therefore find that appellant's adjudication is supported by the sufficiency of the evidence. Accordingly, the juvenile court did not err by adjudicating appellant delinquent for committing aggravated burglary. Appellant's second assignment of error is overruled.
 {¶ 35} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] We grant appellant's motion to remove this appeal from the accelerated calendar and assign this case on our regular docket.
[2] Appellant also argues that the state failed to present sufficient evidence to support his adjudication of delinquency based on the charge of underage alcohol consumption. However, as the state aptly points out, appellant was not convicted on that charge as it was merged by the juvenile court with the aggravated burglary charge. We will, therefore, not address that argument.