[Cite as *In re D.M.*, 2011-Ohio-276.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:

D. M.

JUVENILE DELINQUENT

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 2010CA00213

O P I N I O N


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas,
                                Juvenile Division, Case No. 2010CR00661


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         January 24, 2011


APPEARANCES:

For Appellant                   For Appellee

CRISTIN ROUSH                   JOHN D. FERRERO
200 West Tuscarawas Street      Stark County Prosecutor
Suite 200
Canton, OH  44702               By: RENEE M. WATSON
                                Assistant Prosecuting Attorney
                                110 Central Plaza South
                                Suite 510
                                Canton, OH  44702

*Farmer, J.*

{¶1}   On March 27, 2010, appellant, D. M., a juvenile, was arrested on one count of inducing panic in violation of R.C. 2917.31 and two counts of aggravated menacing in violation of R.C. 2903.21.  Said charges arose from an incident wherein a juvenile shot a gun into the air in the vicinity of a number of individuals, including children.

{¶2}   A bench trial before a magistrate commenced on May 7, 2010.  The magistrate found appellant delinquent by reason of inducing panic.  Appellant filed objections.  A hearing was held on June 29, 2010.  By judgment entry filed July 1, 2010, the trial court denied the objections.  Following a dispositional hearing, the trial court committed appellant to CCF.  See, Judgment Entry filed July 15, 2010.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED BY FINDING D.M. DELIQUENT (SIC) OF INDUCING PANIC BECAUSE ITS DETERMINATION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶5}   "THE TRIAL COURT ERRED BY FINDING D.M. DELIQUENT (SIC) OF INDUCING PANIC BECAUSE THE STATE DID NOT SHOW THAT THE JUVENILE COURT HAD PERSONAL JURISDICTION OF THE CASE."

I

{¶6}    Appellant claims the trial court's determination of delinquency by inducing panic was against the sufficiency and manifest weight of the evidence.  We disagree.

{¶7}    On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks* (1991), 61 Ohio St.3d 259.  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307.  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin* (1983), 20 Ohio App.3d 172, 175.  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.

{¶8}    Appellant was found delinquent by inducing panic in violation of R.C. 2917.31 which states the following:

{¶9}    "(A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following:

{¶10}   "(1) Initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false;

{¶11}  "(2) Threatening to commit any offense of violence;

{¶12}  "(3) Committing any offense, with reckless disregard of the likelihood that its commission will cause serious public inconvenience or alarm."

{¶13}  Appellant challenges the evidence as it did not identify him as the person who fired the gun.

{¶14}  Alliance Police Officers John Capper and Roy Tittle received radio messages about shots being fired.  T. at 8, 41.  Both officers responded to the call.  Id. The two officers did not go directly to the scene, but went to appellant's home, as he was the named suspect.  T. at 9, 41-42.  The officers observed appellant through the window, acting frantic and pacing back and forth.  T. at 43.  When appellant saw the officers, he retreated into a back bedroom.  Id.  Officer Tittle coaxed appellant to come to the door.  T. at 9, 43.  Appellant appeared to be similar to the suspect described by the 911 caller: braids in his hair, wearing dark clothing, and 5'4" tall which is classified as short.  T. at 10, 44.  Appellant admitted knowledge of the incident, but denied he was the shooter.  T. at 10.  The time from the 911 call to talking to appellant was under eight minutes.  T. at 10, 44.

{¶15}  Officer Capper then went to the scene of the incident to talk to the individual who made the 911 call, Nicole Davis.  T. at 11.  Ms. Davis appeared visibly upset and frantic.  Id.  She specifically identified appellant by his name as well as his nickname, "Shorty," and stated she knew him by sight.  T. at 12, 17.  Ms. Davis provided a written statement wherein she identified appellant by his nickname as the shooter.  Id.; State's Exhibit 2.

{¶16} During her testimony, Ms. Davis readily admitted that she made the 911 call and identified appellant as the individual who fired the gun. T. at 23, 25, 31; State's Exhibit 1. She identified the shooter by his given name as well as "Shorty," with single braids, wearing dark clothing. T. at 11, 25, 33-34. Ms. Davis admitted to making a written statement and identifying appellant as "Shorty" therein. T. at 32-33, 36; State's Exhibit 2. However, she claimed appellant was "not the boy that had done it." T. at 29. As of the time of her testimony, Ms. Davis did not think appellant was involved in the incident, "[b]ut at first, I did***because of the kids giving me his name. Yes, I did think he was the boy that did it. But today, I do not think it." T. at 30.

{¶17} Admittedly, Ms. Davis was the only witness who testified as to the incident. Appellant argues her recanted identification during the trial was more credible than her statements made at the time of the incident. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶18} Originally, Ms. Davis unequivocally identified appellant by his name as well as his nickname as the individual who fired the gun. After a passage of time, she changed her identification, claiming she was in error. However, she purposefully thwarted the subpoenaed testimony of another witness, her son, by telling him not to come to court. T. at 37-38. The circumstantial evidence supports Ms. Davis's initial identification. Appellant was aware of the incident within minutes of it happening. He

was dressed similarly to the "shooter", had braids, is 5'4" tall, and was acting frantically right after the incident as observed by Officer Tittle.

{¶19} Appellant also argues the finding was not supported by the evidence because the gun was never found or admitted into evidence. The statutory elements of inducing panic do not require the production of a weapon.

{¶20} Upon review, we find sufficient evidence in the record to establish the finding of delinquency by inducing panic, and no manifest miscarriage of justice.

{¶21} Assignment of Error I is denied.

II

{¶22} Appellant claims the trial court erred in finding him delinquent because it did not have personal jurisdiction over the case. We disagree.

{¶23} R.C. 2151.23(A)(1) provides that a juvenile court has exclusive original jurisdiction over any child alleged to be delinquent. R.C. 2151.011(B)(5) defines a child as a "person who is under eighteen years of age." Appellant argues the state failed to prove an essential fact of the complaint, to wit: he was under the age of eighteen. Appellant's Brief at 6.

{¶24} The complaint filed on March 29, 2010 acknowledged appellant's age as sixteen. Appellant never challenged the issue of personal jurisdiction prior to trial. During the state's case-in-chief, Ms. Davis referred to appellant and the other individuals at the scene as "kids." T. at 27. Officer Tittle testified he was familiar with appellant and he attended either Alliance High School or was home schooled. T. at 41-42, 45. While it is true that not one witness testified directly to appellant's age during the state's case-in-chief, appellant's mother during her testimony admitted that appellant was

sixteen years old at the time of the incident.  T. at 54.  Furthermore, appellant was already on probation to the trial court.  July 7, 2010 T. at 3, 4-5.

{¶25}  In *In Re Burton S.* (1999), 136 Ohio App.3d 386, our brethren from the Sixth District stated the following at 391-392:

{¶26}  "Rather, he [appellant] is, in reality, contending that the court had no personal jurisdiction because appellee failed to present evidence at trial of his age. Since appellant failed to challenge personal jurisdiction either in a responsive pleading or a motion prior to his answer, he waived any defense based upon personal jurisdiction.  Moreover, because appellant was, in fact, under eighteen at the time of the offense, any such motion would have been denied.

{¶27}  "Appellant may also be arguing that appellee failed to establish his age which is an essential element to prove a delinquency charge.  This argument is basically a sufficiency of the evidence issue.  However, in our view, once a trial court has properly established subject matter and personal jurisdiction over an alleged juvenile offender, additional evidence of the juvenile's age is not essential to a finding of delinquency, unless one of the elements of the adult crime alleged requires specific proof of age."

{¶28}  The offense of inducing panic does not require specific proof of age.

{¶29}  Upon review, we find there were sufficient facts in the record to establish the trial court's personal jurisdiction over the case.

{¶30}  Assignment of Error II is denied.

{¶31} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____ _____

_s/ W. Scott Gwin____ _____

_s/ John W. Wise___ _____

JUDGES

SGF/sg 113

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                          :
                                           :
D. M.                                      :
                                           :          JUDGMENT ENTRY
JUVENILE DELINQUENT                        :
                                           :
                                           :
                                           :          CASE NO. 2010CA00213

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.  Costs to appellant.


                                      s/ Sheila G. Farmer_ ____ _____


                                      _s/ W. Scott Gwin____ _____


                                      _s/ John W. Wise_ _____

                                                JUDGES