[Cite as *In re I.G.*, 2024-Ohio-2335.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

IN THE MATTER OF: :
                   :
    I.G.,          :    Case No. 23CA27
                   :
    AN ALLEGED     :
    DELINQUENT CHLD. :
                   :
                   :
                   :
                   :    DECISION AND JUDGMENT
                   :    ENTRY
                   :

---

**APPEARANCES**:

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Lynne R. Nothstine, Pickaway County Assistant Prosecuting Attorney, Circleville, Ohio, for Appellant.

Evan N. Wagner, Columbus, Ohio, for Appellee.

---

Smith, J.

{¶1} Appellant, the State of Ohio, appeals the trial court's decision that dismissed the delinquency complaint filed against Appellee, I.G. For the reasons that follow, we sustain Appellant's first assignment of error, overrule the second assignment of error as moot, and reverse the trial court's judgment.

FACTS

{¶2} On June 12, 2023, a law enforcement officer filed a sworn complaint that alleged Appellee is a delinquent child for knowingly causing or attempting to cause physical harm to another, in violation of R.C. 2903.13(A). The complaint asserted that Appellee is 14 years of age and listed her date of birth as December 10, 2008.

{¶3} The officer also filed an affidavit containing the allegations forming the basis for the complaint. This affidavit likewise states that Appellee's date of birth is December 10, 2008. Furthermore, the affidavit alleged that the delinquent conduct occurred at Circleville Middle School and indicated that Appellee is a student at the middle school.

{¶4} On June 30, 2023, Appellee appeared before the court and denied the delinquency allegation. The trial court memorialized Appellee's denial in a "Judgment Entry on Initial Appearance." This entry listed Appellee's birth date as December 10, 2008.

{¶5} Appellee filed a financial disclosure form that listed her date of birth as December 10, 2008. Appellee certified that the information that she provided on the form "is true to the best of [her] knowledge." The trial court subsequently appointed counsel to represent Appellee.

{¶6} On October 23, 2023, the trial court held an adjudication hearing. A.H., the student Appellee allegedly assaulted, testified as follows. She is 14 years

of age and currently is homeschooled. Last school year, she attended Circleville

Middle School. She stated that on May 25, 2023, Appellee, another middle school

student, "hit [her] in the head really hard."

{¶7}  After A.H.'s testimony, Appellant rested. At that time, Appellee's

counsel asserted that she did not believe "that the State proved jurisdiction as far as

[Appellee]'s age as being a juvenile." Appellee thus requested the court to dismiss

the complaint "for lack of proof of jurisdiction."

{¶8}  Appellant countered that Appellee's financial disclosure statement in

which she wrote her date of birth establishes the juvenile court's jurisdiction.

Appellant pointed out that Appellee's date of birth, December 10, 2008, shows that

she is under 18 years of age and thus within the juvenile court's jurisdiction.

Appellee's counsel asserted that Appellant could not rely on that document

because it was not notarized. The court stated that it would take the matter under

advisement.

{¶9}  Appellee then presented character witnesses. The first witness, a

former middle school assistant principal, stated that he knew Appellee as a student

and described her as a "wonderful student." Another witness, the middle school

counselor, likewise indicated that Appellee was a middle school student. The

middle school Language Arts Intervention Specialist, another middle school

intervention specialist, and a middle school teacher similarly testified that Appellee was a middle school student.

{¶10} After the adjudicatory hearing, the court permitted the parties to submit written arguments regarding Appellee's motion to dismiss the complaint. Appellee asserted that Appellant failed "to prove age jurisdiction at the adjudicatory trial." Appellee recognized that this court held, in *In re S.S.*, 4th Dist. Vinton No. 10CA682, 2011-Ohio-4081, that an indigency affidavit suffices to establish the individual's age. Appellee contended, however, that at the time we decided *S.S.*, indigency affidavits were required to be notarized or sworn. Appellee asserted that since our 2011 *S.S.* decision, the rules have changed, and financial disclosure forms no longer need to be sworn under oath and notarized. She cited Juv.R. 29(E)(3), which requires testimony to be "under oath or affirmation," and argued that Appellant could not rely upon an unsworn, unnotarized document to prove her age. Appellee thus claimed that Appellant failed to present competent evidence demonstrating that she is less than 18 years of age. Appellee argued that the court, therefore, must dismiss the complaint.

{¶11} Appellant countered that "by appearing and proceeding with the adjudication trial on October 23, 2023," Appellee waived the argument that the court lacked personal jurisdiction over her due to Appellant's alleged failure to establish her age. Appellant further asserted that the record contained sufficient

proof that Appellee is under 18 years of age. Appellant disputed Appellee's claim that her financial disclosure form was not competent evidence to establish her age. Appellant pointed out that our *S.S.* decision did not indicate that the state must establish age by means of sworn statements or testimony under oath.

{¶12} Appellant also argued that Appellee's financial disclosure form was "reliable enough for the court to appoint counsel based upon that information," and thus, "it is likewise reliable enough to prove the child's age." Appellant additionally asserted that "a juvenile's age may be proved by evidence other than sworn testimony." Appellant contended that a court could rely upon observing the child in person and deducing that the child is under 18 years of age. Appellant stated that Appellee "appeared before the court at least three times during the pendency of the proceeding, so th[e] court had ample opportunity to observe that she is a juvenile."

{¶13} The trial court did not agree with any of Appellant's arguments. The court did not find our decision in *S.S.* to be dispositive. Instead, the court distinguished that case by noting that in 2011, "an individual had to submit a sworn, notarized Affidavit which would have included the juvenile's date of birth." Since that time, however, the "form was modified to a Financial Disclosure Form which is not a sworn, notarized Affidavit." The court further noted that "Juv.R. 29(E)(3) mandates that evidence should be submitted under oath or affirmation."

{¶14} The court also rejected Appellant's argument that Appellee submitted to the court's personal jurisdiction. The court determined that in *S.S.*, this court had refused to follow those appellate courts that have held that failure to raise the issue before the adjudication hearing results in a waiver. The trial court stated: "The Fourth District has long held that the establishment of age relates to the jurisdiction of the juvenile court with proof of age being adduced at any time [during] the proceeding."

{¶15} The court found that Appellant failed to "present any testimony at the adjudicatory hearing to establish" Appellee's age. The court further found that the record did "not contain any sworn statement upon which [Appellant] can rely to establish" Appellee's age. The court recognized that Appellee's financial disclosure form listed her date of birth. The court found, however, that this document "is not a sworn statement and does not meet the requirements of Juv.R. 29(E)(3)."

{¶16} Thus, on November 1, 2023, the trial court granted Appellee's motion to dismiss the delinquency complaint based upon Appellant's "failure to establish age jurisdiction at the adjudicatory trial." This appeal followed.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED BY REFUSING TO ACCEPT THE DATE OF BIRTH STATED IN THE AFFIDAVIT OF INDIGENCY AS SUFFICIENT

EVIDENCE TO ESTABLISH THE COURT'S PERSONAL JURISDICTION OVER I.G.

II.     THE TRIAL COURT ERRED BY FINDING THAT I.G. DID NOT WAIVE OBJECTION TO THE JUVENILE COURT'S PERSONAL JURISDICTION OVER HER.

FIRST ASSIGNMENT OF ERROR

{¶17} In its first assignment of error, Appellant essentially asserts that the trial court erred by granting Appellee's motion to dismiss the complaint. Specifically, Appellant argues that the trial court erred by dismissing the complaint based upon Appellant's alleged failure to establish that Appellee is under 18 years of age. Appellant contends that Appellee's financial disclosure form constitutes sufficient evidence to establish her age.

{¶18} Appellee asserts that the trial court correctly determined that it lacked subject matter jurisdiction due to Appellant's failure to present sufficient evidence to prove Appellee's age. Appellee claims that in a delinquency proceeding, the state must present evidence regarding the alleged delinquent child's age in a form that satisfies Juv.R. 29(E)(3), which requires testimony to be "under oath or affirmation."

{¶19} Appellee additionally argues that Juv.R. 29(E)(4) requires juvenile courts to "[d]etermine the issues by proof beyond a reasonable doubt." Appellee contends that this language means that in a delinquency proceeding, the state must present admissible evidence regarding the alleged delinquent child's age, and the

evidence must establish the alleged delinquent child's age "beyond a reasonable doubt." Appellee thus asserts that unsworn testimony or documents, like a financial disclosure form, are not competent evidence to establish an alleged delinquent child's age "by proof beyond a reasonable doubt."

## Standard of Review

{¶20} Appellate courts review trial court decisions regarding a motion to dismiss based upon a lack of subject matter or personal jurisdiction under a de novo standard of review. *State v. Hudson*, 169 Ohio St.3d 216, 2022-Ohio-1435, 203 N.E.3d 658, ¶ 19; *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, 6 N.E.3d 9, ¶ 11.

## Subject Matter Jurisdiction

{¶21} "Subject matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 22; *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34. " '[T]he focus is on whether the forum itself is competent to hear the controversy.' " *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14, quoting *Harper* at ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017); *accord State v. Jackson*, 2023-Ohio-3895, 226 N.E.3d 518, ¶ 20 (4th Dist.).

{¶22} Importantly, subject matter jurisdiction is a " 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' " *Pratts* at ¶ 11, quoting *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). "Because subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Id.* (citations omitted).

{¶23} The Ohio Constitution, Article IV, Section 4(B), provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters" as may be "provided by law." "Therefore, the general subject matter jurisdiction of Ohio courts of common pleas is defined by the legislature." *In re K.K.*, 170 Ohio St.3d 149, 2022-Ohio-3888, 209 N.E.3d 660, ¶ 52.

{¶24} "R.C. 2151.07 establishes Ohio's juvenile courts, which are divisions of the courts of common pleas, and R.C. 2151.23(A) vests them with 'exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be * * * a delinquent * * * child.' " *Hudson* at ¶ 24. A delinquent child includes "[a]ny child, except a juvenile traffic offender, who violates any law of this state or the United States, or any ordinance of a political subdivision of the state, that would be an offense if committed by an adult." R.C. 2152.02(E)(1). " 'Child' means a person who is

under eighteen years of age, except as otherwise provided * * *." R.C. 2152.02(C)(1). Accordingly, "the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995); *accord Hudson* at ¶ 29 ("juvenile court has exclusive jurisdiction" for acts committed as a juvenile that would be felonies if committed by an adult); *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11 ("[j]uvenile courts possess exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult").

## Personal Jurisdiction

{¶25} "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 36. For instance, "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Id.* Additionally, a court may acquire jurisdiction over a person if that person "does not object to the court's exercise of jurisdiction over him." *Id.*

## Analysis

{¶26} In the case at bar, during the proceedings below, Appellee framed her argument to the trial court's assertion of jurisdiction as an "age jurisdiction" issue.

On appeal, she has clarified that she challenged the court's subject matter jurisdiction, not its exercise of personal jurisdiction. Additionally, the trial court appears to have reviewed Appellee's motion as challenging its subject matter jurisdiction. Thus, we likewise will review Appellee's challenge as a challenge to the court's subject matter jurisdiction.

{¶27} The allegations contained in Appellee's delinquency complaint were sufficient to invoke the juvenile court's subject matter jurisdiction under R.C. 2151.23(A). *See State ex rel. Parker v. Black*, 168 Ohio St.3d 368, 2022-Ohio-1730, 198 N.E.3d 860, ¶ 17, quoting *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962) (a court's " 'felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county' "); *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 21 ("a complaint that meets the requirements of Crim.R. 3 invokes the subject matter jurisdiction of a [municipal] court"); *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999), quoting *In re Waite* (1991), 188 Mich.App. 189, 200, 468 N.W.2d 912, 917, quoting *Jackson City Bank & Trust Co. v. Fredrick* (1935), 271 Mich. 538, 544–546, 260 N.W. 908, 909 (when " ' "it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present" ' "). The complaint (1) alleged that Appellee is a delinquent child for having committed an act that would be a criminal offense if an

adult had committed the offense, and (2) stated that she was 14 years of age at the time of the alleged delinquent conduct.  These allegations were sufficient to invoke the juvenile court's jurisdiction.  *In re H.M.M.*, 1st Dist. Hamilton No. C-210590, 2022-Ohio-473, ¶ 15 ("[t]he complaint's allegations bring the matter within the juvenile court's subject matter jurisdiction"); *In re C.T.*, 2nd Dist. Montgomery No. 24036, 2010-Ohio-5887, ¶ 13 ("[s]ince the complaint alleged C.T. to be a delinquent child, the court was rebuttably presumed to have subject matter jurisdiction"); *In re Burton S.*, 136 Ohio App.3d 386, 391–92, 736 N.E.2d 928 (6th Dist.1999) ("[s]ince the complaint in this case alleged appellant to be a delinquent child, the juvenile court had subject matter jurisdiction"); *see generally State v. Washington*, 2nd Dist. Montgomery No. 20218, 2004-Ohio-5283, ¶ 14 (explaining that if the defendant "did not satisfy the statutory definition of a child, it follows that original jurisdiction over the charges against him did not lie with the juvenile court").

{¶28} Appellee nevertheless asserts that upon her objection, our precedent (*In re S.S.*, 4th Dist. Vinton No. 10CA682, 2011-Ohio-4081, and *In re Patrick*, 4th Dist. Scioto No. 1618 (May 13, 1987)) required Appellant to introduce competent, admissible evidence to prove her age, and, hence, the court's subject matter jurisdiction.  In both cases, we stated that " 'age is not an element in establishing delinquency, but relates only to the jurisdiction of the court.' "  *S.S.* at ¶ 17,

quoting *Patrick* at *2, citing *In re Fudge*, 59 Ohio App.2d 129, 132, 392 N.E.2d 1262 (2d Dist.1977). We further concluded that "proof of age must be 'adduced at any time in the proceeding.' " *Id.*, quoting *Patrick* at *2.

{¶29} In *S.S.*, at the end of the adjudicatory hearing, the alleged delinquent child asked the court to dismiss the complaint because the state failed to prove his age. We determined that the state could establish the child's age at any time in the proceeding and did not need to present evidence regarding the alleged delinquent child's age during the adjudicatory hearing. We pointed out that the alleged delinquent child had submitted a "financial disclosure/affidavit of indigency" form, and we concluded that this form constituted sufficient proof to establish the alleged delinquent child's age. *Id.* We pointed out that the form "certif[ied] that the information [the child] provided [in his] financial disclosure form [was] true to the best of [his] knowledge." *Id.*

{¶30} In *Patrick*, the alleged delinquent child filed a motion at the end of the state's case that asked the court to dismiss the complaint based upon the state's failure to introduce any evidence during its case-in-chief to prove the alleged delinquent child's age. We concluded that "while it was error to not require proof of age when the motion was made, the error was not prejudicial when the age of appellant was subsequently adduced upon cross examination of appellant and prior to the adjudication of delinquency." *Id.* at *2. We agreed in principle, however,

that if "no proof of age [had] been adduced at any time in the proceeding, a reversal would have been required." *Id.*

{¶31} In the case at bar, the record contains ample evidence to show that Appellee was under 18 years of age at the time of the delinquent conduct.

{¶32} First, Appellee submitted a financial disclosure form that listed her birth date as December 10, 2008. As in *S.S.*, Appellee certified that the information that she provided on the form was "true to the best of [her] knowledge." When the alleged May 25, 2023 delinquent conduct occurred, therefore, Appellee would have been 14 years of age, which obviously is less than 18 years of age.

{¶33} We do not agree with the trial court's conclusion that Juv.R. 29(E)(3) or our precedent requires a sworn statement or testimony to prove an alleged delinquent child's age. By its terms, Juv.R 29(E)(3) applies to testimony given at the adjudication hearing. As *S.S.* and *Patrick* make clear, an alleged delinquent child's age may be shown " 'at any time in the proceeding,' " with "proceeding" meaning " '[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment.' " *S.S.* at ¶ 17, quoting Black's Law Dictionary (9 Ed.2009). Neither *S.S.* nor *Patrick* indicates that age must be shown through sworn testimony.

{¶34} Furthermore, the trial court's "Judgment Entry on Initial Appearance" listed Appellee's birth date as December 10, 2008.

{¶35} The trial court additionally observed Appellee on multiple occasions and never questioned whether Appellee was less than 18 years of age. *Fudge*, 59 Ohio App.2d at 132 (observing that the child "appeared with counsel" and "was seen and observed by the court," which "may constitute sufficient evidence that the subject is a juvenile").

{¶36} Moreover, even if age must be shown through sworn testimony, multiple witnesses testified at the adjudication hearing that, at the time of the offense, Appellee was a middle school student. *See In re D.M.*, 5th Dist. Stark No. 2010CA00213, 2011-Ohio-276, ¶ 24 (evidence sufficient to establish appellant was less than 18 years of age when trial testimony referred to appellant and others involved in the incident as "kids," and when one witness testified that appellant attended high school or was home schooled). Plus, it is common knowledge that middle school students are less than 18 years of age.

{¶37} For all of the foregoing reasons, we believe that the record contains sufficient evidence to establish that Appellee was less than 18 years of age at the time of the alleged delinquent conduct. Therefore, the trial court incorrectly dismissed the delinquency complaint.

{¶38} Accordingly, based upon the foregoing reasons, we sustain Appellant's first assignment of error.

SECOND ASSIGNMENT OF ERROR

{¶39} In its second assignment of error, Appellant contends that the trial court erred by concluding that Appellee did not waive the argument that the court lacked personal jurisdiction over her due to Appellant's alleged failure to submit adequate evidence to establish that Appellee is under 18 years of age. Appellant argues that in *State v. Bear*, 4th Dist. Gallia No. 18CA8, 2019-Ohio-466, this court recognized that "the age of an alleged delinquent juvenile relates to the personal jurisdiction of the court over the child," and that "personal jurisdiction can be waived expressly, or by failure to object." Appellant claims that Appellee waived the right to challenge the court's exercise of personal jurisdiction by failing to object to the court's exercise of personal jurisdiction at the earliest opportunity and by voluntarily submitting herself to the court's jurisdiction.

{¶40} Appellee counters that her objection to the juvenile court's jurisdiction involved a challenge to the court's subject matter, not personal, jurisdiction. As such, she asserts that Appellant's waiver argument is meritless.

{¶41} Appellee further asserts that our previous statement in *Bear* that "age relates to the personal jurisdiction of the court" does not require us to reach the same conclusion in the case at bar. She contends that *Bear* involved an adult,

criminal defendant who had sought post-conviction relief. Appellee thus claims

that *Bear* does not apply to her case, which involves a delinquency complaint in

juvenile court. Appellee additionally argues that *Bear* stands "in direct conflict

with *Patrick*, and the myriad of other authorities indicating issues regarding age

relates [sic] to the subject matter jurisdiction of the juvenile court."

{¶42} We believe that our disposition of Appellant's first assignment of

error renders her remaining assignment of error moot. *See State ex rel. Cincinnati

Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 4

(internal quotations omitted) (explaining that issues are moot "when they are or

have become fictitious, colorable, hypothetical, academic or dead"); *State v.

Hudnall*, 4th Dist. Lawrence No. 15CA8, 2015-Ohio-3939, ¶ 7 ("A[n issue] is

moot when a court's determination on a particular subject matter will have no

practical effect on an existing controversy."); *State v. Moore*, 4th Dist. Adams No.

13CA987, 2015-Ohio-2090, ¶ 6 and 7 ("The principle of "judicial restraint"

mandates that Ohio courts should not exercise jurisdiction over questions of law

that have been rendered moot"; and "an issue is moot when it has no practical

significance and, instead, presents a hypothetical or academic question."); *Schwab

v. Lattimore*, 166 Ohio App.3d 12, 2006-Ohio-1372, 848 N.E.2d 912, ¶ 10 (1st

Dist.) ("The duty of a court of appeals is to decide controversies between parties by

a judgment that can be carried into effect, and the court need not render an

advisory opinion on a moot question or a question of law that cannot affect the issues in a case."). We therefore need not address Appellant's second assignment of error.[1] App.R. 12(A)(1)(c).

{¶43} Accordingly, we overrule Appellant's second assignment of error as moot.

CONCLUSION

{¶1} We sustain Appellant's first assignment of error, overrule its second assignment of error as moot, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

---

[1] We observe that the Ohio Supreme Court has indicated that age relates to a juvenile court's subject matter jurisdiction. *In re A.W.*, 160 Ohio St.3d 183, 2020-Ohio-1457, 155 N.E.3d 819, ¶ 1 and 8 (stating that "juvenile court lacked subject matter jurisdiction" to invoke the adult sentence under a serious youthful offender specification once juvenile reached 21 years of age); *see also State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 14 (stating that "the age of the offender upon apprehension [is] the touchstone [for] determining juvenile court jurisdiction"); *accord In re R.B.*, 162 Ohio St.3d 281, 2020-Ohio-5476, 165 N.E.3d 288, ¶ 27 ("[t]he general rule is that a juvenile court has jurisdiction over juveniles who have been adjudicated delinquent until they reach the age of 21"); *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697 (juvenile court lacked jurisdiction to perform an initial sex offender classification once disposition complete and adjudicated delinquent turns 21); *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961 (juvenile court lacked jurisdiction to hold new sentencing hearing to correct disposition and impose post-release control after adjudicated delinquent turns 21).

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION and that costs be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J., and Hess, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**